In re Petition for Reinstatement of Harold R. WINGERD, to the Practice of Law in the State of Minnesota.

No. C2–03–35.

Supreme Court of Minnesota.

July 11, 2003.

ORDER

On January 7, 2002, this court suspended petitioner Harold R. Wingerd for six months. *In re Wingerd,* 637 N.W.2d 570 (Minn.2002).

Petitioner filed a petition for reinstatement. Following a hearing before a panel of the Lawyers Board on Professional Responsibility, the panel found that petitioner had presented clear and convincing evidence of his moral fitness and competence to practice law and recommended reinstatement and two years of supervised probation subject to the following conditions:

a. Petitioner shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, petitioner shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Petitioner shall abide by the Minnesota Rules of Professional Conduct.

c. Petitioner shall be supervised by a licensed Minnesota attorney, appointed

by the Director to monitor compliance with the terms of this probation. Petitioner shall not agree to represent any clients until a supervisor has signed a consent to supervise. Petitioner shall provide to the Director the names of four attorneys who have agreed to be nominated as petitioner's supervisor no later than two weeks from the date of the Court's reinstatement order. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Petitioner shall make active client files available to the Director upon request.

d. Petitioner shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Petitioner shall contact the supervisor and schedule bi-monthly in-person meetings with his supervisor at which the supervisor will personally review a random sample of petitioner's open files. Petitioner's supervisor shall have access to all client files. Petitioner shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, anticipated closing date and any complaints or circumstances which might lead to a complaint. Petitioner's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Petitioner shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which petitioner is handling, and which will ensure that petitioner regularly reviews each and every file and completes legal matters on a timely basis. Petitioner shall provide to the Director and probation supervisor a detailed written plan outlining these office procedures.

f. Petitioner shall maintain total abstinence from alcohol and other mood-altering chemicals, except that petitioner may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of petitioner's chemical dependency before issuing the prescription.

g. Petitioner shall continue to attend weekly meetings of Alcoholics Anonymous or another out-patient alcohol treatment program acceptable to the Director. Petitioner shall, by the tenth day of each month, without a specific reminder or request, submit to the Director an attendance verification on a form provided by the Director, which provides the name, address and telephone number of the person personally verifying the attendance. Such attendance verification shall also, upon request, be provided to the petitioner's supervisor, if any.

h. Petitioner shall continue current treatment by a mental health professional acceptable to the Director, until the therapist informs the Director's Office in writing that therapy is no longer necessary or helpful.

i. Petitioner shall maintain law office and trust account books and records in compliance with Rule 1.15, Minnesota Rules of Professional Conduct, and Lawyers Professional Responsibility Board Opinion No. 9. Such books and records shall be made available to the Director on a monthly basis. Petitioner shall timely file all required state and federal tax returns, including individual income,

employer withholding and unemployment returns and timely pay the taxes due thereon. Petitioner shall affirmatively report to the Director, on or before the due date of the required returns, his compliance with filing and payment requirements. Such reports shall include copies of the required returns. On or before the filing deadline, petitioner shall provide the Director with copies of all applications for filing extension and proof of approval of such applications. Petitioner shall provide all of the documents and information required herein without specific reminder or request.

j. Petitioner shall employ a qualified tax preparer to assist him in preparing and filing required quarterly and annual tax returns. Petitioner shall make timely quarterly estimated payments to the state and federal tax authorities. On or before the filing deadline, petitioner shall provide proof of such filing and payment to the Director without specific reminder or request.

The Director of the Office of Lawyers Professional Responsibility agrees with the panel's recommendation and, with the agreement of respondent, has requested the court to consider the panel's recommendation without further briefing or hearing. We conclude that reinstatement subject to two years of supervised probation is appropriate.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that respondent Harold R. Wingerd is reinstated to the practice of law effective immediately and is placed on supervised probation for two years subject to the recommended conditions set forth above.

BY THE COURT:

/s/Paul H. Anderson
Associate Justice

BLATZ, C.J., took no part in the consideration or decision of this case.